Shengqi v. Garland

BIA
Schoppert, IJ
A 206 796 972

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-two.

PRESENT:
> MICHAEL H. PARK,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

LI SHENGQI,
> *Petitioner,*

v.                                                    19-4296
                                                      NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Zhou Wang, Esq., New York, NY.

FOR RESPONDENT:            Jeffrey Bossert Clark, Acting
                           Assistant Attorney General; Cindy
                           S. Ferrier, Assistant Director;
                           Kimberly A. Burdge, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Shengqi, a native and citizen of the People's Republic of China, seeks review of a November 19, 2019 decision of the BIA affirming a May 2, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Li Shengqi,* No. A 206 796 972 (B.I.A. Nov. 19, 2019), *aff'g* No. A 206 796 972 (Immig. Ct. N.Y.C. May 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA and consider only the findings that the BIA relied on. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review an adverse credibility determination under a substantial evidence standard, *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76

2

(2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness," and on inconsistencies within and between an applicant's statements and other evidence "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Shengqi was not credible as to his claim that he was arrested, detained, and physically abused for practicing Christianity in China.

The agency reasonably relied on the inconsistencies

within Shengqi's testimony and between his testimony and written statements about how he was treated during his second detention. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Shengqi's initial testimony that he was shocked once with an electric baton while in custody was inconsistent with both his application, which indicated multiple shocks, and his later testimony that he was shocked 15 times. And his application and testimony were inconsistent about what tactics were used to keep him awake, the baton or strong lights. Although Shengqi now argues that he meant he "was attacked with [an] electric baton 15 times" but all of the attacks occurred "during one interrogation," and that after having shocked him multiple times the police "subsequently shone a light" to prevent him sleeping, he did not provide these explanations to the agency and they do not compel a conclusion that his statements were credible. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (cleaned up)). Moreover, he was questioned about the inconsistencies

4

and had an opportunity to explain. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 121 (2d Cir. 2006) (holding that IJ may rely on clear inconsistency without soliciting an explanation, but asylum applicant must be provided opportunity to explain inconsistencies that "are not plainly obvious").

The adverse credibility determination is bolstered by the IJ's assessment of Shengqi's demeanor. We give "particular deference" to an IJ's demeanor finding because "the IJ's ability to observe . . . demeanor places [him] in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (citation omitted). Shengqi has waived review of this finding by failing to challenge it in his brief. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). But in any case, the IJ did not misstate the record because Shengqi was unable to answer clarifying questions when asked to explain his inconsistent

5

statements about his detention. *See Li Hua Lin*, 453 F.3d at 109 ("We can be still more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony.").

Finally, the IJ reasonably concluded that a lack of reliable corroboration prevented Shengqi from otherwise meeting his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible . . . [and] persuasive . . . . In determining whether the applicant has met the . . . burden, the trier of fact may weigh the credible testimony along with other evidence of record."). The agency was not required to credit letters from individuals in China, and Shengqi's evidence related to his church attendance in the United States did not resolve the credibility issues. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) ("defer[ring] to the agency's evaluation of the weight to be afforded an applicant's

documentary evidence" and upholding agency's decision to afford little weight to letter from applicant's spouse in China); *Matter of H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from "relatives and friends" because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

In sum, the inconsistencies, demeanor finding, and lack of reliable corroboration provide substantial evidence for the adverse credibility determination and support the agency's conclusion that Shengqi failed to meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); *Xiu Xia Lin*, 534 F.3d at 167. This determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court